Filed 10/18/22 Marriage of Moore Jelks and Jelks CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re the Marriage of TANISHA MOORE-JELKS and GREGORY JELKS. | B315992 |
| TANISHA MOORE-JELKS, Appellant, v. GREGORY JELKS, Respondent. | Los Angeles County Super. Ct. No. TD037221 |

APPEAL from an order of the Superior Court of Los Angeles County, Kimberly Dotson, Commissioner. Affirmed.

Tanisha Moore-Jelks, in pro. per., for Appellant.

Law Offices of Gina Marie Aguirre and Gina Marie Aguirre for Respondent.

## INTRODUCTION

Tanisha Moore-Jelks appeals from the order granting Gregory Jelks's motion to compel discovery responses and requiring Moore to pay $1,200 in attorney fees to Jelks's attorney.[1] Moore contends the trial court erred because she did in fact provide the information sought by Jelks's discovery requests. Because Moore has not provided an adequate record to review her contention, and the limited record before us does not support her position on appeal, we affirm the order.

## FACTS AND PROCEDURAL BACKGROUND

The parties were married in 2004 and separated in 2012. They have two minor children. In November 2015, the court signed the parties' stipulated judgment for dissolution of marriage. The judgment stated, among other things, that the child support awards were based on the present financial incomes of the parties and the court reserved jurisdiction over the issue of child support.

Apparently, in response to a pending child support dispute, Jelks propounded and served Moore with discovery requests. According to the case summary in the clerk's transcript, on December 3, 2020, Jelks filed a motion to compel discovery responses and for attorney fees. The motion was supported by the declaration of Gina Marie Aguirre—Jelks's attorney—and a memorandum of points and authorities. The motion, Aguirre's declaration, and the memorandum of points and authorities are

_____

[1] For clarity, we refer to Tanisha Moore-Jelks as Moore and Gregory Jelks as Jelks.

not in the clerk's transcript, although the documents are identified in the case summary.[2] In opposition to the motion, Moore filed a declaration that attached excerpts from an uncertified October 2020 deposition of Jelks, and Moore's written responses to form interrogatories. Moore's declaration and the deposition excerpts did not mention child support or the parties' incomes. Indeed, other than attaching the deposition excerpts, Moore's declaration did not contain any facts whatsoever. As for the excerpts, the deposition testimony related to efforts by Jelks to serve Moore with a restraining order during a custody exchange. As for her written responses, other than providing her name, current address, and noting that she lived with and provided support for the parties' children, Moore objected to every interrogatory and did not provide the requested information.

A hearing on the motion was held on August 12, 2021, and a minute order was entered the same day. The court granted the motion and ordered Moore to produce the requested documents by September 10, 2021. The court also ordered Moore to pay Jelks's attorney fees in the reduced amount of $1,200 by November 8, 2021. Moore timely appeals.

---

[2] The case summary lists events and orders of the court. The omitted documents were also not contained in the document titled "Administrative Records" that was lodged by Moore and rejected by this court. Because this case does not involve an administrative proceeding, Moore's reference to the August 12, 2021 proceeding as "administrative proceedings" in her notice designating the record on appeal was incorrect. In any event, as noted in our August 2, 2022 order rejecting the lodged document, the contents of the "Administrative Records"—the minute order and transcript from the August 12, 2021 hearing—are part of the appellate record.

## DISCUSSION

Moore contends the order should be reversed because she did in fact provide the information that she had access to even though it was not warranted. For the reasons set forth below, we affirm the order.

As a court of review, we are bound by the rule of appellate procedure that the order of the lower court is presumed correct and an appellant challenging that order must overcome the presumption by affirmatively demonstrating prejudicial error. (See *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) An appellant—even a self-represented litigant like Moore— cannot carry this burden unless she provides the appellate court with an adequate record of the lower court's proceedings. (See *Jameson v. Desta* (2018) 5 Cal.5th 594, 608; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.) If the record is inadequate for meaningful review, the appellant defaults and the trial court's decision should be affirmed. (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.)

Here, the record on appeal does not contain all of the documents or other evidence submitted to the trial court by the parties. With the exception of the 2015 judgment, Moore's declaration and attached deposition excerpts, Moore's responses to interrogatories, and August 12, 2021 minute order, Moore did not designate for inclusion in the clerk's transcript any of the documents filed by Jelks with the court pertaining to his motion. We also don't have copies of the discovery requests that were propounded and served by Jelks, or the two meet and confer letters referenced by his counsel during the hearing. Without these documents, we decline to find error. (See *Haywood v. Superior Court* (2000) 77 Cal.App.4th 949, 955 [a reviewing court

4

will "decline to find error on a silent record, and thus infer that substantial evidence" supports the trial court's findings].)

In any event, Moore's contention that she had provided the requested information is not supported by the limited record before us. At the hearing, Moore argued she was not required to provide Jelks with *any* financial information after the judgment was entered in 2015.[3] She also acknowledged that although she had not provided Jelks with copies of her paycheck stubs, she was now willing to do so. And, as noted, other than providing her name, current address, and stating that she lived with and provided support for the parties' children, Moore objected to every interrogatory and did not provide the requested information.

In sum, because we cannot properly determine whether the court erroneously granted Jelks's motion to compel discovery responses and for attorney fees, we must affirm the order.

---

[3] At the hearing, the court rejected this argument and explained that the parties' judgment did not provide for the post-judgment waiver of discovery rights and requests for attorney fees.

## DISPOSITION

The order is affirmed. Respondent Gregory Jelks shall recover his costs on appeal.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                                              LAVIN, J.

WE CONCUR:


 EDMON, P. J.


 RICHARDSON (ANNE K.), J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.